**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRITTNAY N. VOGT                                                          PLAINTIFF

v.                                              4:22-cv-00670-JM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Brittnay Vogt, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments.  (Tr. 11-19.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – only thirty-seven years old. (Tr. 50.)  She is a high school graduate and has no past relevant work.  (Tr. 17, 173.)

The ALJ[1] found Ms. Vogt has not engaged in substantial gainful activity since August 12, 2019 – the alleged onset date.  (Tr. 13.)  She has a "severe" impairment in the form of seizure disorder.  (Tr. 13.)  The ALJ further found Ms. Vogt did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P,

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Appendix 1.[2]  (Tr. 15.)

The ALJ determined Ms. Vogt had the residual functional capacity to perform work at all exertional levels but was required to avoid any exposure to hazards such as dangerous machinery and unprotected heights.  (Tr. 15.)  Because Ms. Vogt had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 46-49.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of hand packager, merchandise marker, and addressing clerk - despite her limitations.  (Tr. 18.)  Accordingly, the ALJ determined Ms. Vogt was not disabled.  (Tr. 19.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Ms. Vogt argues that the ALJ failed to develop the record. (Doc. No. 10 at 5-7.)  She argues, "There was more than adequate indication in the [record] that [depression and post traumatic stress disorder] were significant enough to warrant development prior to severity, PRT, and MRFC determinations."  (*Id.* at 7.)  She also contends that the ALJ should have taken into consideration her post-operative median nerve neuritis and "should have ordered consultative examinations, both physical/neurological and mental, but did neither."  (*Id.*)

Plaintiff bears a heavy burden in showing the record has been inadequately developed.  She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither.

"While an ALJ should recontact a treating or consulting physician if a critical issue is

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). As the Commissioner points out, "It is the Plaintiff's responsibility to provide specific medical evidence to support her claim. 20 C.F.R. § 416.912; *see Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006)." (Doc. No. 14 at 5.)

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record contains ample medical records to support the ALJ's decision that Plaintiff is capable of performing light work activities. As the Commissioner points out:

> Here, the ALJ had Plaintiff's hearing testimony (Tr. 27-44), updated disability reports (Tr. 182-195), medical records (Tr. 254-295, 299-304, 311-331, 336-434, 448-462, 470-487, 496-534, 542-544), and the prior administrative medical findings of state agency medical and psychological consultants (Tr. 54-58, 69-74). . . Thus, the record was reasonably complete and contained sufficient evidence from which the ALJ could make an informed decision[.]

(Doc. No. 14 at 6.)

Plaintiff further argues that the ALJ committed reversible error at Step Two. Plaintiff says, *inter alia*, "The plaintiff respectfully contends to this court that the Administrative Law Judge's abbreviated PRT did not meet the imposed duties and did not adequately reflect the hearing testimony and the MER, particularly the two inpatient psychiatric admissions." (Doc. No. 10 at 9-10.) I understand the seriousness of Plaintiff's hospitalizations. But after careful consideration of Plaintiff's argument and the Commissioner's response, (Doc. No. 14 at 7-9), I find the Commissioner's position to be persuasive. As the Commissioner correctly argues, "In this case, the ALJ found that Plaintiff had no limitations in understanding, remembering, or applying

4

information, and mild limitations in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself (Tr. 14-15). Thus, the ALJ properly found Plaintiff's mental impairments non-severe at step two. See 20 C.F.R. § 404.1520a(d)(1)." (*Id.* at 7-8.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

While Ms. Vogt's burden of proving these impairments significantly limit her ability to perform basic work activities "is not great," *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir. 2001), the ALJ could rightly find it was not a "severe" impairment when its impact was minimal on her ability to work. *Nguyen v. Chater,* 75 F.3d 429, 430-31 (8th Cir. 1996).

Plaintiff also argues that the ALJ incorrectly evaluated her subjective symptoms. (Doc. No. 10 at 10-11.) The ALJ analyzed Ms. Vogt's symptoms in light of Social Security Ruling 16-3p. (Tr. 15.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Ms. Vogt's subjective complaints. (Tr. 15-17.) In doing so, the ALJ concluded:

> In reaching the conclusion that the claimant can perform work at all exertion levels with the additional limitations, the undersigned has considered the functional limitations from all the claimant's medically determinable impairments, including any impairments that are not severe. Furthermore, the undersigned has considered the claimant's subjective complaints and statements about the intensity, persistence, and limiting effects of their symptoms and any evidence relating to the claimant's daily activities, the duration, frequency, and intensity of the claimant's pain, the dosage and effectiveness of medication, precipitating and aggravating factors, and functional restrictions. While these factors have not been set forth in a methodical fashion, the undersigned considered these factors relative to the

limitations caused by the claimant's impairments. Accordingly, the undersigned finds the claimant has the above residual functional capacity.

(Tr. 17.)

The ALJ's conclusions are supported by the objective medical evidence.   As the Commissioner aptly argues:

> Plaintiff denied any treatment for depression prior to July 2019 (Tr. 14, 415). The ALJ noted that Plaintiff received inpatient treatment for suicidal ideation preceding her alleged onset date, and also received inpatient treatment for a brief period in August 2020 (Tr. 14, 415, 419-420, 496, 503). Otherwise, Plaintiff's only treatment consisted of medication and a few counseling sessions immediately following her hospitalizations (Tr. 14, 16, 399, 449, 451, 497, 542-543). This factor, too, supports the ALJ's symptom evaluation finding.

(Doc. No. 14 at 18-19.)

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task.  And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including the ALJ erred in his residual functional capacity assessment and failed to fully consider all applicable Listings - that I find are without merit.  Ms. Vogt's counsel has done an admirable job advocating for her rights.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The

test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 2nd day of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE